UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM KNIPP,

    Plaintiff,

-vs-                                CASE NO.: 3:16-cv-179-J-32MCR

BLUESTEM BRANDS, INC. d/b/a
FINGERHUT,

    Defendant.
_____/

## COMPLAINT

Plaintiff, WILLIAM KNIPP, by and through his undersigned counsel, sues the Defendant, BLUESTEM BRANDS, INC., d/b/a FINGERHUT, and in support thereof respectfully alleges the following:

### INTRODUCTION

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

2. The TCPA was enacted to prevent companies like BLUESTEM BRANDS, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Duval County), the phone calls were received in this District, and the Defendant transacts business in Duval County, Florida.

**FACTUAL ALLEGATIONS**

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

11. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida, in this District.

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

14. Defendant is a "debt collector" as defined by Florida Statute §559.55(6). Defendant sought to collect a debt from Plaintiff.

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

16. Defendant, BLUESTEM BRANDS, INC., is a Delaware corporation with its principal place of business at 6509 Flying Cloud Dr., Eden Prairie, MN 55344 and conducting business in the State of Minnesota, whose Registered Agent is CT Corporation, 100 South 5th Street, Suite 1075, Minneapolis, MN 55402.

17. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Duval County, Florida, by the Defendant's placing of illegal calls to Duval County, Florida.

18. Defendant, at all material times, was attempting to collect on a debt, (hereinafter the "subject account"), which was issued and serviced by Defendant.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to four (4) times per day from approximately May 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

20. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" ("ATDS") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). The plaintiff will testify that a different agent was on the line during every call he answered, which is a common indicator of an ATDS.

21. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after approximately June 6, 2015, was done so after he had revoked consent to be called by the Defendant. On or about June 6, 2015 the Plaintiff spoke to Fingerhut customer service and advised them to "stop calling" him. However, the calls continued.

22. The calls from the Defendant to the Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

23. Plaintiff is the regular user and carrier of the cellular telephone number, (904) ***-9284, and was the called party and recipient of Defendant's autodialer calls.

24. The autodialer calls from Defendant came from telephone numbers including but not limited to 866-836-8987, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to Fingerhut.

25. Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued after Plaintiff's original and/or subsequent revocations. Plaintiff estimates approximately one hundred (100) calls to his cell phone post-revocation, including but not limited to:

   a. June 18, 2015 (x3);

   b. June 19, 2015 (x4);

   c. June 20, 2015;

   d. June 21, 2015;

   e. June 22, 2015 (x2);

   f. June 23, 2015 (x2);

   g. June 24, 2015 (x2); and

   h. June 26, 2015.

26. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

27. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond June 6, 2015, when Plaintiff first advised Defendant to stop calling his cell phone.

28. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

29. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

30. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

32. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

33. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

34. Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

35. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-four (34) above as if fully stated herein.

36. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent.

38. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on or about June 6, 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact him, and told Defendant to stop calling him.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, BLUESTEM BRANDS, INC., for statutory damages, actual damages, treble damages, punitive damages, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

40. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-four (34) above as if fully set forth herein.

41. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

42. Defendant violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or his family. Defendant continued to call Plaintiff without Plaintiff's prior

express consent and after Plaintiff informed Defendant to stop calling. Defendant called Plaintiff almost daily which is a frequency that can be reasonably expected to harass. The calls continue through the filing of this complaint.

43. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, BLUESTEM BRANDS, INC. for statutory damages, punitive damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Frank H. Kerney III, Esq.*
Frank H. Kerney III, Esquire
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 88672
Attorney for Plaintiff
FKerney@forthepeople.com